# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| ANTHONY BURNETT | : | 11-274-1-MRP |
| | : | |
| Defendant | : | |

## OPINION

**Perez, J.**                                                                                                   **November 12, 2024**

Defendant Anthony Burnett was originally sentenced by the Honorable Judge Eduardo Robreno on January 29, 2014 to 288 months of incarceration followed by 5 years of supervised release.[1] On March 8, 2024, the Parties filed a joint motion to set aside this sentence pursuant to the Supreme Court's decision in *United States v. Johnson*, 576 U.S. 591 (2015) (holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), defining "violent felony" is unconstitutionally vague). The defense and government agreed that Mr. Burnett was no longer subject to the ACCA, despite prior convictions for Pennsylvania third-degree (slight force) robbery, 18 Pa. C.S. § 3701(a)(1)(v), and Pennsylvania first-degree aggravated assault, 18 Pa. C.S. § 2702(a)(1)-(2). On March 13, 2024, the Honorable Judge Gene Pratter granted the motion, vacating judgment of sentencing. Upon her Honor's passing, the case was reassigned and on October 16, 2024, this Court held a plenary resentencing hearing. It is from that judgment of sentence that the Defendant now appeals. The Court submits the following Memorandum as a supplement to the record at sentencing, providing further explanation of its decision.

---

[1] Mr. Burnett was sentenced to 204 months' imprisonment on each of Counts 1 and 2, 180 months' imprisonment on Count 5 (concurrently with the sentences on Counts 1 and 2), and 84 months' imprisonment on Count 3 (consecutive to the other counts)—resulting in a total custodial sentence of 288 months' imprisonment.

I. **Underlying Facts**

Following trial, Mr. Burnett was convicted of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, 18 U.S.C. § 1951 (Counts 1 and 2); using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c) (Count 3); and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g) & 924(e) (Count 5). In an opinion affirming the conviction and sentence in this case on direct appeal, the Court of Appeals recounted the relevant facts:

> On the morning of March 29, 2011, appellant Anthony Burnett, and his co-felon, Raheem Hankerson, robbed A.I. Poland Jewelers in Philadelphia. In the days leading up to the robbery, Hankerson and Burnett planned the robbery and visited the store. In addition, Burnett secured a gun to use during the crime and Hankerson arranged to borrow a black Honda owned by his girlfriend, Shavon Adams, for use in the robbery. On the day of the robbery, Hankerson borrowed the Honda from Adams, picked up Burnett, and drove to Poland Jewelers. Adams, who was not acquainted with Burnett, had given Hankerson permission to use the Honda but so far as the record reveals did not know that Burnett would be a passenger in the car or that Hankerson intended to use it during commission of a crime. After reaching the store, Hankerson parked the car on a nearby side street as Burnett got ready to enter the store.
>
> Wearing a hat, wig, and sunglasses, Burnett entered Poland Jewelers and, posing as a customer, engaged an employee in a discussion about a potential purchase. Burnett then pointed a gun at the employee and the owner of the store, and, after ordering them to get on the floor, restrained them with plastic "zip ties." A store video security system clearly captured Burnett's face during the early stages of the robbery. After he subdued the victims, Burnett called Hankerson by cell phone and told him to join him in the store. The two men donned latex gloves and looted the store, stealing, among other items, jewelry, a revolver, and the videotape from its security system. At one point when the store owner attempted to free himself, Burnett bludgeoned him on the head with the gun, inflicting wounds that required seven surgical staples to close.
>
> Acting quickly, the robbers threw their loot into shopping bags. Hankerson shoved the stolen revolver into a pocket of his coat and left the store, and Burnett followed him out. The robbers fled from the area in Adams' Honda with Hankerson driving.

*United States v. Burnett*, 773 F.3d 122, 127-28 (3d Cir. 2014). The Court further recounted that the robbers soon abandoned the Honda and ran on foot. The police later located and seized the car, finding in the trunk "the jewelry, store gun, stolen security videotape, two wigs, the bloodstained

gun used in the robbery, a wallet containing Hankerson's identification card, latex gloves, and 'zip ties' identical to those used during the robbery to bind the victims. A test of the latex gloves for DNA evidence revealed that one contained the DNA of Burnett and the store owner and the other contained the DNA of both Hankerson and the store owner." *Id.* at 128.

## II. Resentencing

Without application of the ACCA, the advisory guideline range at Mr. Burnett's resentencing before this Court was lower than it was at the time of his original sentencing. In 2014, the advisory guideline range was 188 to 235 months incarceration. At resentencing, the Parties stipulated that his revised guideline range is 154 to 171 months of incarceration. This Court resentenced Mr. Burnett to the same total sentence imposed by Judge Robreno in 2014. Recognizing that the 288-month sentence exceeds the maximum recommended under the Federal Sentencing Guidelines, this Court took care at the resentencing hearing to review all statutory factors it considered in its decision to issue an upward variance.

This Court based its decision to vary upward from the Guidelines range on the relevant sentencing factors under 18 U.S.C. § 3553(a)[2], including Mr. Burnett's lengthy criminal history, the seriousness and sophistication of his offense, its concern that incarceration would not deter him

---

[2] The factors set forth in 18 U.S.C. § 3553(a) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
(5) any pertinent policy statement ... issued by the Sentencing Commission ... [that] is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense

from reoffending on release, its need to provide a sentence that would promote respect for the law, and its duty to protect the public. In considering Mr. Burnett's criminal history, this Court was particularly concerned by Mr. Burnett's age at the commission of the offense. After spending significant time in custody for violent crimes prior to this instant case, he was released from prison and committed a terrorizing robbery against victims who were strangers to him. The Court therefore has substantial apprehension about whether prison will ever successfully deter him from committing violent acts. Having sustained such significant trauma because of Mr. Burnett's violence, one victim moved far away and the other abandoned his family business of over 100 years.

In previously affirming Mr. Burnett's 288-month sentence, the Third Circuit deemed the length "measured and appropriate," explaining:

> Here, the record evidences that there is proportionality between Burnett's crime and sentence. During the robbery, Burnett terrorized two victims with a gun, forced them to the floor, and bound them with plastic ties. When one of the victims tried to escape, Burnett clubbed him, causing head wounds that required seven surgical staples to close. Burnett threatened the victim with future violence, taking one of the victim's driver's license from his wallet and warning the victim that he knew where he lived. The other victim begged Burnett not to kill her. As the District Court noted, both victims were subjected to "sustained terror," and feared they would not survive the robbery.
>
> As the District Court also noted, Burnett's conduct was not personally aberrant behavior. Burnett has additional convictions for a robbery, one in which he wielded an icepick, another performed at gunpoint. He was convicted for an assault during which he shot his victim in the knee. Burnett is a recidivist. Our analysis of the PSR reveals that when Burnett committed his crimes in this case, he was under the supervision of both the Pennsylvania Parole Board and the Philadelphia Court of Common Pleas in two different cases, and had been out of prison only for 31 days when he committed this offense. When the police caught him for the Poland Jewelers robbery, he threatened them with a box cutter, triggering an altercation that resulted in him being shot in the chest. Thus, we determine that the sentence the District Court imposed of 24 years was both reasonable and appropriate.

*Id.* at 138. In reaching its decision, this Court exercised independent plenary review of Mr. Burnett's original sentence and had absolute discretion to impose a different term of incarceration. The Court has concluded that the applicable sentencing guideline range is insufficient and fails to adequately capture the length and seriousness of Mr. Burnett's criminal background. The Court's judgment was unclouded by prior statutory designations of Mr. Burnett as an armed career criminal. However, it is also not lost on the Court that Judge Robreno, who had the benefit of watching the trial, hearing directly from the victims, and evaluating the history and characteristics of Mr. Burnett at the time of his conviction, found that this sentence was fair. Furthermore, that same sentence has already been affirmed by the Third Circuit. For all the reasons contained herein, the Court concludes that reimposing the 288-month sentence is sufficient and not greater than necessary to comply with the objectives of sentencing.

BY THE COURT:

_____
HON. MIA R. PEREZ